JOHN T. PHILIPSBORN, ESQ. - SBN 83944
Law Offices of JOHN T. PHILIPSBORN
507 Polk Street, Suite 350
San Francisco, CA 94102
(415) 771-3801
jphilipsbo@aol.com

Attorney for JUAN SOTO

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | Case No. 21-CR-00328-YGR |
|---|---|
| Plaintiff, | |
| vs. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JUAN SOTO'S REVISED MOTION FOR BILL OF PARTICULARS SPECIFIC TO COUNT ONE AND TO THE NOTICE OF SPECIAL FACTORS FOR COUNT ONE** |
| DAVID CERVANTES, et al., | |
| Defendants. | |
| | Date: March 28, 2024<br>Time: 9:00 a.m. |
| | **Dept. The Honorable Yvonne Gonzalez Rogers, District Judge** |

# TABLE OF CONTENTS

**Page**

**Contents**

I.  INTRODUCTION..................................................................................................................1

II. SUMMARY OF PERTINENT BACKGROUND INFORMATION ............................2

   A.  The Soto Defense's Efforts To Obtain Timely Notice Through Discovery Including Through Discussions With The Government. .........................................2

   B.  Notice Provided As a Result of Cooperator Discovery. ........................................3

   C.  The Soto Defense Has Continued To Inquire For Notice Of Mr. Soto's Date/Timeframe Of Entry Into The Conspiracy In Part Because The Soto Defense Anticipates Presenting A Specific Form Of Defense For The Charge Against Mr. Soto. ........................................................................................4

   D.  This Court Has Permitted Mr. Soto To File A Motion For Bill Of Particulars, And No Objections Were Raised To The Possibility Of The Need For The Soto Defense To Re-File Such A Motion. ..............................................5

III. ARGUMENT AND AUTHORITIES..............................................................................5

   A.  With the Wide Latitude Accorded the Prosecution to Frame the Charge That the Defendant Has 'Conspired' to Promote the Affairs of an 'Enterprise' Through a 'Pattern of Racketeering Activity' Comes an Obligation to Particularize the Nature of the Charge to a Degree that Might Not Be Necessary in the Prosecution of Conspiracies of a More Limited Scope. ...............7

   B.  The Soto Defense Is Entitled To A Bill Of Particulars That Specifies When, Where, And How Mr. Soto Joined The Conspiracy Charged In Count One, And That Requires Specification Of The Acts Charged In The Indictment That Mr. Soto Allegedly Agreed To Commit. .......................................................9

IV. CONCLUSION. ..............................................................................................................10

i

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JUAN SOTO'S REVISED MOTION FOR BILL OF PARTICULARS SPECIFIC TO COUNT ONE AND TO THE NOTICE OF SPECIAL FACTORS FOR COUNT ONE

# TABLE OF AUTHORITIES

**Cases**                                                                                                   **Page**

*U.S. v. Alvarez*,
    2014 U.S. Dist. LEXIS 175569; 2014 WL 7240670
    (N.D. Cal., December 19, 2014) at *9-10 ................................................................... 8

*U.S. v. Ayers*, 724
    F.2d, 468 (9th Cir., 1991) ............................................................................................ 6

*U.S. v. Giese*,
    597 F.2d 1170 (9th Cir., 1979) .................................................................................... 6

*U.S. v. Long*,
    706 F.2d 1044, 1054 (9th Cir., 1983) .......................................................................... 5

*U.S. v. Mitchell*,
    744 F.2d 701 (9th Cir., 1984) ...................................................................................... 6

*U.S. v. Nelson, et al.*,
    17-CR-00533-EMC .................................................................................................... 8

*U.S. v. Ryland*,
    806 F.2d 941 (9th Cir., 1986), Cert. Denied, 481 U.S. 1057 (1987) ........................... 6

*United States v. Davidoff*,
    845 F.2d, 1151 (2d Cir., 1987 ..................................................................................... 7

*United States v. Etienne*
    17-CR-00093-WHA, 2018 U.S. Dist. LEXIS 48609
    (N.D. Cal., March 23, 2018) at *7-10 ..................................................................... 7, 8

*Wills v. United States*,
    389 U.S. 90 (1967) ....................................................................................................... 5

**Statutes**

18 U.S.C. 1956 ........................................................................................................................ 9

## I. INTRODUCTION.

On April 14, 2023, the Soto defense brought a Motion for Bill of Particulars. (Doc. 645). The motion was supported by legal argument and a declaration of counsel describing the extent of the notice of the charges provided by the discovery as of that time. In both the supporting memorandum, and declaration of counsel, undersigned counsel for Juan Soto noted that the Soto defense was (at that time) depending to a degree on information supplied verbally by the prosecution to understand when the Government believed that Mr. Soto had become a member of the charged conspiracy—though the Government did not provide any further details on how Mr. Soto joined the conspiracy, and whether he remained a part of the conspiracy throughout the charged period of time.

That initial motion was filed at a point at which the current Juan Soto defense was relatively newly involved in this case. That first motion remained pending until it was withdrawn by undersigned counsel in late Fall, 2023. That withdrawal occurred in large part (as stated on the record by undersigned counsel at the time) because the Government had agreed to provide the Soto defense with trial-related cooperator discovery before the end of calendar year 2023. The hope had been that this trial related cooperator discovery might address the notice concerns embodied in the filed Soto Motion for Bill of Particulars.

As this pleading is filed, current counsel for Juan Soto has had additional discussions with Government counsel about the case. These discussions have included informal notice to the Government of the nature of the defense(s) that Mr. Soto may pursue at trial. During the tenure of Mr. Soto's prior lawyer, Mr. Guzman, the Government was also privy to some discussion of what kind of defense Mr. Soto might rely on a trial. What the Government is aware of, and a sealed notice of specified defenses will solidify that awareness, is that the date (or at least a precise narrow time frame) that the Government alleges that Mr. Soto joined the charged conspiracy is a matter of importance to the Soto defense. The charged conspiracy is the <u>only</u> charge against Mr. Soto.

As of December 14, 2022, the Soto defense has obtained the promised trial related cooperator discovery. Salient parts of that cooperator discovery, some of which were

pointed out to the Soto defense by the Government, have been reviewed. The current Soto defense has also now attended a number of hearings in the case—most of these involving discussion of legal issues pertinent to the Cervantes, et al. trial group.  In sum, the Soto defense has more information about the Government's case against it than it had in April of 2023.

That said, however, none of the discussions between counsel, or hearings in Court, or additional disclosures provide further notice to the Soto defense of the date, and circumstances, of Mr. Soto's joining in the charged conspiracy. Within the tens of thousands of pages of discovery excluding the cooperator discovery, about 120 pages of the original discovery plus and 130 page wiretap application discuss Mr. Soto. Those disclosures have now been supplemented by about 840 pages of cooperator material (some describing the cooperator's background) and some recordings of cooperator interviews that refer to Mr. Soto. The discovery associated with only one of the disclosed cooperators mentions Mr. Soto at any length. However, none of these materials provide a description of when, where and how Mr. Soto joined the charged conspiracy. As explained below, at this point, the Soto defense understands what one cooperator is likely to say about when he met Juan Soto, and what position he believed Mr. Soto occupied with the Nuestra Familia at the time—but that information does not provide the notice that was sought in the first Soto motion for bill of particulars—or in this one.

Thus, it remains that there is no discovery known to undersigned counsel that provides Juan Soto notice of the date or the manner, and location, of Mr. Soto's alleged joining in the one conspiracy that continues to be charged against him in Count One.  As a result, there is a sound basis for this Court to grant Mr. Soto a Bill of Particulars.

II.   **SUMMARY OF PERTINENT BACKGROUND INFORMATION.**

   A.   **The Soto Defense's Efforts To Obtain Timely Notice Through Discovery Including Through Discussions With The Government.**

As explained above, the status, and amount, of discovery available to the Soto defense has changed since Mr. Soto's initial attempt at obtaining a Bill of Particulars. He

is now aware of what one person who was allegedly in his proximity for about a year says about him. Mr. Soto has repeatedly sought—through written requests and during discussions with the Government—to understand when it is that the Government alleges that Mr. Soto joined the charged conspiracy.

Paragraph 16 (page 7) of the Indictment alleges that beginning "…on a date unknown, but at least in or about April 2013, and continuing through the date of this Indictment…" named persons (including Juan Soto), along with others known and unknown, conspired to conduct the affairs of the Nuestra Familia Enterprise. (Indictment, at pp. 7-8, electronic filing pp. 8-9 of Document 1). The Indictment provides no further notice of when Mr. Soto may have become a conspirator, or how he allegedly did so. By contrast, the Indictment does contain 13 allegations of sentencing factors against Mr. Soto's co-defendants (including some conspiracies) between November, 2016 to March 17, 2021 (paragraphs 20 to 31 of the Indictment). There are two substantive Counts (2 and 3) that charge drug related conspiracy violations, but not against Mr. Soto. In sum, the face of the Indictment does not provide the notice sought by the Soto defense.

The undersigned had discussions with AUSA Kevin Rubino about how the Government proposed to respond to or address the first Soto Motion for Bill of Particulars.[1] These discussions occurred before the Soto defense was given access to cooperator discovery. The Government could not provide a specific date, or manner, by which Mr. Soto joined the charged conspiracy, but the Government believed that he was a member of the conspiracy by the latter part of 2016 or by the beginning of 2017.

**B.   Notice Provided As a Result of Cooperator Discovery.**

A review of the cooperator discovery that Mr. Soto's defense was focused on as a

---

[1] Three days after the filing of the Soto Motion for Bill of Particulars AUSA Kevin Rubino emailed undersigned counsel indicating that the Government had reviewed "…your motion for bill of particulars…". The email further stated: "Perhaps we can resolve this issue short of motion practice." Undersigned counsel did speak further with Mr. Rubino about the matter as indicated above.

3
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JUAN SOTO'S REVISED MOTION FOR BILL OF PARTICULARS SPECIFIC TO COUNT ONE AND TO THE NOTICE OF SPECIAL FACTORS FOR COUNT ONE**

result of discussions with AUSA Leif Dautch indicates that the principal source against Mr. Soto was aware of Juan Soto of being a CAT I level member of the Nuestra Familia, and as having been given responsibilities to 'run' one of the yards at Salinas Valley State Prison as of around October 2016. This, of course, was information furnished after that witness became a cooperator, and the timing of the source's acquisition of this information is not clear. Further information from this witness is that he remained in Mr. Soto's proximity until around November of 2017. It does not appear that the witness claims to have any knowledge of where, when, how and through whom Juan Soto allegedly joined the conspiracy. The witness provides such information about himself, but not about Juan Soto.

C. **The Soto Defense Has Continued To Inquire For Notice Of Mr. Soto's Date/Timeframe Of Entry Into The Conspiracy In Part Because The Soto Defense Anticipates Presenting A Specific Form Of Defense For The Charge Against Mr. Soto.**

The Government is aware, through interactions with defense counsel, that the Soto defense Mr. Soto intends on pursuing specific defenses to the conspiracy count that he is charged with. Mr. Soto assumes that the verbal notice tendered by AUSA Kevin Rubino may represent the Government's notice about when it contends Mr. Soto became a conspirator (late 2016, early 2017). But Mr. Rubino is no longer an AUSA—he has returned to private practice. And while the Government has pointed undersigned counsel in the direction of disclosures that describe one individual's version of his interactions with Mr. Soto at various times over the period that began around October of 2016 and lasted until November 2017, that individual does not claim to have any specific knowledge of Mr. Soto's history in the alleged conspiracy—and was not a percipient witness to Mr. Soto's alleged joining of the conspiracy. Ironically, at one point that person claims that prior to his indoctrination to become a member of the Nuestra Familia, *he* 'ran' a yard at Salinas Valley with the understanding that he was doing so with the tacit permission of the Nuestra Familia.

Mr. Soto has a right to adequate notice. The Government has already verbally

4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JUAN SOTO'S REVISED MOTION FOR BILL OF PARTICULARS SPECIFIC TO COUNT ONE AND TO THE NOTICE OF SPECIAL FACTORS FOR COUNT ONE

indicated to defense counsel (through AUSA Leif Dautch) that it will be evaluating whether Mr. Soto's proposed defense(s) purport the time period of his involvement in the alleged conspiracy. It is not clear what the Government's allegations are with respect to the extent of Mr. Soto's involvement (meaning the extent of the time period) in the conspiracy either. The Soto defense will elaborate on these statements, and arguments, at the appropriate time – since the Court and Government will be receiving formal notice of that defense on a schedule that has been set. The formal notice will be tendered prior to the hearing on this motion.

    **D.** **This Court Has Permitted Mr. Soto To File A Motion For Bill Of Particulars, And No Objections Were Raised To The Possibility Of The Need For The Soto Defense To Re-File Such A Motion.**

At the time of undersigned counsel's earliest appearances in this case, the undersigned noted that the schedule that predated the undersigned's entry into the case as counsel for Mr. Soto had contemplated that Motions for Bills of Particulars would have been filed earlier in the case than April of 2023. On March 16, 2023, the undersigned specifically asked the Court for permission to file a motion for Bill of Particulars, and the Court granted that permission. The Soto defense then filed the initial motion for a Bill of Particulars.

At the point at which undersigned counsel voluntarily withdrew Mr. Soto's Motion for Bill of Particulars (Doc 646), the undersigned stated that it might be necessary to file another such motion if the discovery provided to the Soto defense and further information made available did not supply suitable notice to Mr. Soto. This filing follows.

**III.**     **ARGUMENT AND AUTHORITIES.**

The Soto defense is aware of the Court's ruling denying a Motion for a Bill of Particulars filed by Co-Defendant Guillermo Solorio. (Doc 982, filed October 30, 2023). Mr. Solorio's motion and this one have different bases.

A Motion for Bill of Particulars, and an order that the Government provide a Bill of Particulars, is appropriate where the accused requires clarification of a charge, or charges, in order to prepare a defense. *Wills v. United States*, 389 U.S. 90, 99 (1967); *U.S. v. Long*,

706 F.2d 1044, 1054 (9th Cir., 1983).  The accused is entitled to an understanding of the basis of the Government's charge against him.  *U.S. v. Ryland*, 806 F.2d 941, 942 (9th Cir., 1986), Cert. Denied, 481 U.S. 1057 (1987).

Having read the Court's aforementioned Order denying the Solorio Motion for Bill of Particulars, the Juan Soto defense is aware of the Court's reliance on the Ninth Circuit decision in *U.S. v. Giese*, 597 F.2d 1170, 1181 (9th Cir., 1979), explaining that the accused "…is not entitled to know all of the [e]vidence the government intends to produce" at the trial.  Mr. Soto is not asking for a preview of the Government's case. He is focused on obtaining notice of the specific charge against him. As has been observed, the purposes of the Bill of Particulars are served where "…the indictment itself provides sufficient details of the charges, and if the Government provides full discovery to the defense." *U.S. v. Mitchell*, 744 F.2d 701, 705 (9th Cir., 1984), relied on by this Court in the Order denying the Solorio Motion for Bill of Particulars (Doc 982, at page 3).  *Mitchell* is not controlling here. The Indictment does not provide Mr. Soto with sufficient details of the charge against him, and while the discovery provided does help the Soto defense understand what likely evidence will be introduced against Mr. Soto, that discovery does not answer the questions asked in the Soto Motion.

There are additional reasons for a Court to order a Bill of Particulars in a given case – including to avoid or minimize the danger of surprise at trial, as well as to give the accused the ability to plead either an acquittal or conviction in Bar of another prosecution for the same offence in instances in which the indictment is too vague or indefinite for such purposes.  See, *U.S. v. Ayers*, 724 F.2d, 468, 483 (9th Cir., 1991).

A combination of decisions from reviewing Courts, as well as from Judges in this District, demonstrate that particularly in a case involving a charge of conspiring to conduct the affairs of a racketeering enterprise (the charge against Juan Soto here), providing notice of the point in time, and circumstances, in which an accused joined a conspiracy may necessary to fulfill the requirements of due process. Mr. Soto is in a particularly unusual position because at this point, only he of the remaining accused is charged *only* with the

RICO conspiracy, and in none of the associated acts that are alleged in the Special Sentencing Factors, or in either of the other substantive Counts. The conspiracy he is charged with is said to have been formed at least as of 2013 and to have continued for at least eight more years. One of the cases that has been relied on in prior litigations in this District has been the Second Circuit's ruling in *United States v. Davidoff*, 845 F.2d, 1151 (2d Cir., 1987, a case in which the accused was charged with (among other counts) a conspiracy to violate the RICO statute – the same statute that Mr. Soto is charged with having violated. In *Davidoff*, one accused's concern on appeal was that given allegations of various schemes involving acts of extortion that were said to be part of the overall conspiracy (in a case in which—as here—there were a number of co-defendants charged), the District Court's denial of a Bill of Particulars him of an understanding of what evidence would be introduced to demonstrate *his* involvement as a conspirator. That is Mr. Soto's question as well.

In arriving at the ruling, the *Davidoff* Court explained that the interests involved where a trial court is asked to consider a Bill of Particulars "…must be applied with some care when Government charges criminal offenses under statutes as large as RICO." *Id*. at 1153-54. *Davidoff* has been viewed as a useful guide in cases in this District.

A. **With the Wide Latitude Accorded the Prosecution to Frame the Charge That the Defendant Has 'Conspired' to Promote the Affairs of an 'Enterprise' Through a 'Pattern of Racketeering Activity' Comes an Obligation to Particularize the Nature of the Charge to a Degree that Might Not Be Necessary in the Prosecution of Conspiracies of a More Limited Scope.**

One reference to *Davidoff* can be found in Judge Alsup's "Order Granting in Part and Denying in Part Defendants' Motions for Bill of Particulars," *United States v. Etienne* 17-CR-00093-WHA, 2018 U.S. Dist. LEXIS 48609 (N.D. Cal., March 23, 2018) at *7-10. The *Davidoff* ruling had noted that: "With the wide latitude accorded the prosecution to frame a charge that a defendant has 'conspired' to promote the affairs of an 'enterprise' through a 'pattern of racketeering activity' comes an obligation to particularize the nature of the charge that might not be necessary in the prosecution of crimes in a more limited

1  scope." *Davidoff* at 1154-1155. Based on the concern explained by the Second Circuit—
2  and just quoted—Judge Alsup ordered that the Government prove "…the earliest known
3  date at which each defendant was participating in the RICO conspiracy, without prejudice
4  to the Government later providing an even earlier date." *Id.*at *10-11. Of course, *Etienne*
5  did not involve as wide ranging a set of RICO related conspiratorial acts, and as many
6  alleged conspirators.

7      Mr. Soto had pointed out in his now-withdrawn initial Motion for Bill of Particulars
8  (in the supporting Memorandum) that Magistrate Judge Laurel Beeler had granted in part
9  and denied in part motions for bills of particulars in *U.S. v. Nelson, et al.*, 17-CR-00533-
10 EMC, currently referred to by lawyers litigating racketeering cases in this District as 'the
11 Hell's Angels case.' The case is currently in post-conviction litigation. In that case, Judge
12 Beeler issued two orders that a Bill of Particulars should be filed.  The first of which is in
13 the docket of the case (17-CR-00533) at docket 775, filed on August 15, 2019, and the
14 second at docket 1937, filed on August 3, 2021.  The second of these Orders (the one filed
15 in August of 2021) required clarification of the date on which three of the accused joined
16 the alleged conspiracy to conduct the affairs of the charged enterprise, as well as the date
17 or dates on which the three accused in question had joined a conspiratorial agreement to
18 commit murder.

19     Magistrate Judge Cousins, addressing a multiple-count case involving RICO-related
20 conspiracies including a conspiracy to conduct the affairs of a racketeering enterprise (a
21 street gang), Judge Cousins, granted a Bill of Particulars "…to the extent that the
22 government is ordered to provide a Bill of Particulars clarifying *when* each defendant is
23 alleged to have first joined each conspiracy." *U.S. v. Alvarez*, 2014 U.S. Dist. LEXIS
24 175569; 2014 WL 7240670 (N.D. Cal., December 19, 2014) at *9-10.

25     In <u>this</u> case, the allegation in Count One, and specifically, the allegation of the
26 racketeering conspiracy beginning at Paragraph 16, charges Mr. Soto and a number of other
27 individuals with agreeing to conduct the affairs of the charged racketeering enterprise
28 through a pattern of activity that includes:  multiple acts involving murder; multiple acts

involving robbery; multiple offenses involving the trafficking of controlled substances; multiple acts indictable under 18 U.S.C. 1956 (the laundering of monetary instruments). However, during the pendency of this case, the Government dismissed the allegation contained in the Notice of Special Sentencing Factors for Count One that Mr. Soto and others engaged in a conspiracy to commit murder. This leaves no notice on the face of the Indictment concerning Mr. Soto's alleged participation in Count One other than the general allegation of his participation in the conspiracy.

### B. The Soto Defense Is Entitled To A Bill Of Particulars That Specifies When, Where, And How Mr. Soto Joined The Conspiracy Charged In Count One, And That Requires Specification Of The Acts Charged In The Indictment That Mr. Soto Allegedly Agreed To Commit.

This case is on the cusp of pre-trial motion litigation that will involve discussion of the contours of the Government's case against Mr. Soto, on the one hand, and of Mr. Soto's defense(s) to the charge. This Motion will be heard at a point in the case at which the Court and Government will be aware of how Mr. Soto proposes to defend himself against the charges. According to the required Notice (concerning the defense), Mr. Soto is providing the Government with notice of the time-related contours of his defense. If he misunderstands the nature of the Government's allegations against him, Mr. Soto will have been misled into providing an insufficient Notice.

The Court should require the Government to specify when, where, and how he joined the conspiracy charged in Count 1, and what act or acts he is said to have agreed to commit as a conspirator. In this regard, the defense notes that during informal exchanges between counsel, and in the cooperator discovery, there have been references to certain uncharged acts that were said to have been 'side deals' or 'side agreements' between persons that the Government may contend were conspirators in this case, who agreed to what amounted to 'private' rather than 'enterprise'-related activity. Whether this evidence should be admitted is not the issue being addressed here. Rather, the question at hand is for Mr. Soto to gain understanding of what acts the Government contends he engaged in as part of his agreement to conduct the affairs of a racketeering organization.

**IV.  CONCLUSION.**

For the reasons stated here, and in the accompanying Declaration of counsel, the Court should grant Mr. Soto's Motion for Bill of Particulars.

DATED:  February 12, 2024					Respectfully Submitted,

							JOHN T. PHILIPSBORN

							*//s// John T. Philipsborn*
							JOHN T. PHILIPSBORN
							*Attorney for Juan Soto*