MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

MATTHEW M. YELOVICH (NYBN 4897013)
Deputy Chief, Criminal Division

MARJA-LIISA OVERBECK (CABN 261707)
LEIF DAUTCH (CABN 283975)
ASEEM PADUKONE (CABN 298812)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    mari.overbeck@usdoj.gov
    leif.dautch@usdoj.gov
    aseem.padukone@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JUAN SOTO, <br><br> Defendant. | CASE NO. 21-CR-328 YGR <br><br> **UNITED STATES' OPPOSITION TO DEFENDANT JUAN SOTO'S MOTION FOR A BILL OF PARTICULARS** <br><br> Hon. Yvonne Gonzalez Rogers <br> Hearing Date: March 14, 2024 <br> Time: 9:00 a.m. |

## I. INTRODUCTION

The purpose of a bill of particulars is to inform the defendant of the nature of the charges against him with enough precision to enable him to prepare his defense and avoid surprise at trial. A bill of particulars is required only where the indictment and the discovery, considered together, fail to provide this required notice. In this case, defendant Juan Soto has received a lengthy and sufficiently pleaded 16-page speaking Indictment that details the charged racketeering enterprise and its criminal activities. He has also benefitted from the accelerated production of voluminous discovery, including extensive cooperator discovery that was produced to him nearly one year before trial. The indictment and discovery have been the basis of numerous case discussions between the parties, during which the government has highlighted specific evidence provided by an identified cooperator and specific alleged criminal acts involving Soto. The Court's pretrial scheduling order also will ensure disclosure of the government's witness and exhibit lists to Soto seven months before trial (and a mere two weeks after the hearing date for this motion). Soto and his counsel also will have the benefit of a separate trial against his five co-defendants commencing in June 2024, providing them a full view of the government's case against the Nuestra Familia leadership months before Soto himself will face trial.

Notwithstanding these extensive and detailed disclosures, Soto seeks a bill of particulars addressing 14 areas of the government's case against him, with an emphasis on the date and circumstances of his initial agreement to join Nuestra Familia. Dkt. 1107 at 2-3. But the Ninth Circuit has repeatedly held that this is an improper purpose for a bill of particulars, which is not intended to be a preview of the government's trial presentation. In fact, this Court considered and rejected many of these same requests by co-defendant Guillermo Solorio, Dkt. 982, and in a previous RICO case also involving the NF, *United States v. Henry Cervantes*, No. 12-CR-00792-YGR, 2013 WL 3456876 (N.D. Cal. July 9, 2013) ("*Cervantes I*"). Soto has not explained why he is differently situated from Solorio or the defendants in *Cervantes I* when it comes to his requests.

Nonetheless, as Soto acknowledges in his motion, Mot. at 4, the government has already told Soto that it believes he was a CAT-I Nuestra Familia member from at least October 2016 through at least November 2017, that he ran one of the yards at Salinas Valley State Prison for the NF, and that he was involved in planning a specific marijuana robbery, a specific methamphetamine transaction, and the sale

of multiple firearms.  The government has identified specific portions of the cooperator discovery that support the government's understanding of Soto's involvement in NF.  At this stage of the case, there is no relevant discovery that the government has withheld from the defense.  *See United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979) (full discovery of the government's case removes the need for a bill of particulars).  Wherever appropriate, the government will continue to assist Soto in finding answers to his evidentiary questions, as it has done throughout this litigation.  But his demand that the government set forth all the evidentiary detail of the case against him in a bill of particulars is contrary to Ninth Circuit law and unsupported by any factual showing.  His request should be denied in its entirety.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    The Indictment

On August 25, 2021, a grand jury in the Northern District of California returned an Indictment charging Juan Soto, aka "Drifter," with a single count of racketeering conspiracy in violation of 18 U.S.C. § 1962(d) based on his membership in La Nuestra Familia, a violent gang that operates largely from within the California Department of Corrections and Rehabilitation.  This charge alleges that the pattern of racketeering consisted of: (1) multiple acts involving murder, in violation of California Penal Code §§ 187(a), 188, 189, 182, 21a, 31, and 664; (2) multiple acts involving robbery, in violation of California Penal Code §§ 211, 212.5, 213, 182, 21a, 31, and 664; (3) multiple offenses involving the trafficking of controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1), 843, and 846; and (4) multiple acts indictable under 18 U.S.C. § 1956 relating to money laundering.  Dkt. 1 ¶ 8.

The Indictment alleges Special Sentencing Factors for various racketeering activities, including multiple attempted murders and conspiracies to commit murder, but only one that names Soto:  the generalized murder conspiracy alleged in Special Sentencing Factor Number 1.  Dkt. 1 ¶¶ 19.  However, the government moved to strike Special Sentencing Factor Number 1, and the Court granted that motion.  *See, e.g.*, Dkts. 672, 755 n.1.

### B.    Status of Discovery

Since the initiation of this case, the government has made more than a dozen productions to the defense, including documents that go beyond what is required under Rule 16 of the Federal Rules of Criminal Procedure.  To date, the government has produced tens of thousands of pages of discovery,

including hundreds of hours of Title III intercepts and summaries of the same; historical RICO documents; reports of investigation from the FBI; audio and video recordings of controlled buys and police reports documenting the same; CDCR records documenting the attempted murders and murder conspiracies charged in this case, including medical reports pertaining to the alleged victims; the defendants' CDCR housing histories, which confirm their locations during the alleged racketeering acts; the defendants' CDCR Rules Violation Reports, which document the CDCR's investigation and administrative actions pertaining to the alleged attempted murders and conspiracies and other narcotics offenses; search warrant materials, certain documents seized during the execution of search warrants (with the remaining physical evidence available for inspection); DEA lab results concerning the narcotics charged in this case; and numerous other pieces of discovery. In addition, the government has obtained unsealing orders for electronic surveillance applications and orders, and has produced the results of those orders. Each production was accompanied by a letter, and those letters describe in detail the contents of the discovery sent to the defendants.

As noted in the declaration of Soto's counsel, Mr. Philipsborn, the government further produced several thousand pages of cooperator discovery pursuant to the parties' Supplemental Attorneys-Eyes-Only Protective Order. Dkt. 1107-1 at ¶ 7. That production occurred on December 14, 2023, nearly one year before Soto's scheduled November 2024 trial.

To complement these productions, the government—both through former-AUSA Kevin Rubino and AUSA Leif Dautch—has conferred with Mr. Philipsborn at least four times about the evidence and allegations against Soto. Dkt. 1107-1 at ¶¶ 3, 7. During those meetings, the government has identified for Mr. Philipsborn several specific racketeering acts the government intends to prove against Soto at trial, including an attempted marijuana robbery, a large methamphetamine transaction, and a firearms trafficking scheme. Dkt. 1107-1 at ¶ 5. The government has produced to the defense all evidence in its possession regarding those incidents. The government has also specified that, based on the evidence currently known to the government, it will allege at the future trial that Soto was a member of NF from at least October 2016 through at least November 2017. Dkt. 1107-1 at ¶ 8.

Soto has an additional window into the government's case as a result of his severance from the trial set to begin in June 2024 involving five of his co-defendants. Pursuant to the Court's scheduling

order, the government filed its witness and exhibit lists for that trial on the public docket on August 4, 2023. Dkt. 812, 813. The government filed amended lists on October 2, 2023, and will file exhibit and witness lists for Soto's trial in little more than a month. Dkt. 942, 943; Dkt. 1016 at 2 (Soto Scheduling Order). On August 15, 2023, the government filed its "Statement of Anticipated Trial Scope," which details each of the racketeering acts (including murder attempts and conspiracies, drug trafficking, money laundering, and robberies) it intends to prove at the first trial. Dkt. 836. The government's anticipated trial presentation has been further revealed through extensive motion practice, most filed on the public docket, and at status hearings at which Soto has been present. And of course, the government will lay out its entire case against the NF leadership, which will include the government's evidence pertaining to the charged enterprise, at a public trial beginning in June 2024.

### III. THE LEGAL STANDARD

Under Federal Rule of Criminal Procedure 7(f), a district court has discretion to order the government to produce a bill of particulars whenever there is insufficient information in the Indictment and the discovery to apprise the defendant of the charges against him and allow him to prepare his defense. *Giese*, 597 F.2d at 1180; *United States v. DiCesare*, 765 F.2d 890, 898 (9th Cir. 1985). But bill of particulars is appropriate only when the "indictment is insufficient to permit the preparation of an adequate defense." *DiCesare*, at 897. The bill of particulars serves "to apprise the defendant of the specific charges being presented to minimize the danger of surprise at trial, to aid in preparation and to protect against double jeopardy." *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983); *Giese*, 597 F.2d at 1180; *United States v. Mitchell*, 744 F.2d 701, 705 (9th Cir. 1984). The decision of whether to grant or deny a request for a bill of particulars is reviewed for an abuse of discretion. *Will v. United States*, 389 U.S. 90, 99 (1967); *Long*, 706 F.2d at 1054.

Full discovery of the government's case removes the need for a bill of particulars. *Giese*, 597 F.2d at 1180; *Long*, 706 F.2d at 1054 ("[f]ull disclosure will obviate the need for a bill of particulars."); *United States v. Buckner*, 610 F.2d 570, 574 (9th Cir. 1979) (same); *United States v. Drebin*, 557 F.2d 1316, 1325 (9th Cir. 1977) (same); *see also United States v. Walsh*, 194 F.3d 37, 47 (2d Cir. 1999) ("a bill of particulars is not necessary where the government has made sufficient disclosures concerning its evidence and witnesses by other means").

A defendant may not use a bill of particulars to obtain more information than required by the discovery rules. *See Giese*, 597 F.2d at 1180; *Cooper v. United States*, 282 F.2d 527, 532 (9th Cir. 1960) ("Rule 7(f) . . . should not be invoked to bring about a result prohibited in effect by Rule 16"); *see also Morgan v. United States*, 380 F.2d 686, 698 (9th Cir. 1967) (bill of particulars "does not entitle a defendant to explore at will all evidence the government may hold against him"). Thus, requests for bills of particulars are routinely denied "when the information requested is provided to the defendant in some other form." *United States v. Marrero*, 904 F.2d 251, 258 (5th Cir. 1990) (affirming denial of bill of particulars request). That is because the purpose of a bill of particulars is not to provide a "detailed exposition of [the] government's evidence" or a preview of its trial presentation. *United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir. 1980); *United States v. Ryland*, 806 F.2d 941, 942 (9th Cir. 1986) ("A defendant is not entitled to know all the evidence the government intends to produce," nor is he "entitled to know the content of the testimony of each of the government witnesses before trial."); *see also Wong Tai v. United States*, 273 U.S. 77, 82 (1927) (affirming denial of bill of particulars motion which "in effect sought a complete discovery of the government's case in reference to the overt acts" because indictment was "sufficiently definite" and "the motion called 'for too much details of evidence.'"). Instead, a bill of particulars provides "only that minimum amount of information necessary to permit the defendant to conduct his own investigation." *United States v. Smith*, 776 F.2d 1104, 1111 (3d Cir. 1985).

## IV. ARGUMENT

### A. The Government Has Already Produced All Relevant Discovery in Its Possession to the Defendant

As a threshold matter, Soto's motion for a bill of particulars should be denied because the government has fully disclosed its case to him, including production of all evidence in its possession that is responsive to his requests. *See Long*, 706 F.2d at 1054 ("[f]ull disclosure will obviate the need for a bill of particulars."). This includes tens of thousands of pages of discovery, hundreds of hours of wiretaps, and thousands of pages of cooperator discovery, hundreds of which pertain specifically to Soto and his alleged participation in NF activity. The government has provided all relevant discovery to Soto

and is not withholding any information that would be responsive to his requests.[1]  Soto's motion should be denied on this basis alone.  *Giese*, 597 F.2d at 1180.

### B. The Information Available to the Defendant Is More than Sufficient to Allow Him to Prepare His Defense

Beyond the futility of seeking a bill of particulars when there are no more particulars to provide, the motion should be denied because the Indictment and extensive discovery fully enable Soto to prepare his defense and avoid surprise at trial.  The Indictment identifies the history, structure, and purpose of NF, with a degree of specificity that goes far beyond what is required by Rule 7.  The Indictment identifies a discrete period for the alleged conspiracy (beginning at least by April 2013 and continuing through August 25, 2021) and identifies the categories of racketeering acts that Soto and the other defendants agreed to engage in, as well as several specific acts of attempted murder, conspiracy to commit murder, and drug trafficking that were part of the conspiracy.  *Id.* ¶¶ 16, 20–33.  In short, the Indictment provides more than sufficient detail for Soto to conduct his own investigation and prepare his defense.  That notice from the charging document is only amplified by the extensive discovery, including the cooperator discovery, already provided.  Based on the number and depth of the discovery letters sent to the government by defense counsel, it is clear that the defense investigation is well underway.

### C. Soto's Specific Requests Are Not Supported by Ninth Circuit or District Caselaw

Against that backdrop, the government addresses each of Soto's requests in turn.

First, Soto seeks "The date and time when the agreement that is the basis of the Conspiracy charged in Count 1 was made."  Request 1(a).  But the Ninth Circuit has specifically held that "determin[ing] the exact date on which the conspiracy allegedly began" "do[es] not warrant a bill of particulars."  *DiCesare*, 765 F.2d at 897; *Rubio v. United States*, 22 F.2d 766, 767–68 (9th Cir. 1927) ("Speaking generally, the government has no knowledge of the exact time or place of the formation of the conspiracy, and to require it to specify the particular time and place, and limit the proof to that time and place, would defeat almost every prosecution under this act.").  As Judge Alsup noted in denying a

---

[1] The government's investigation into Soto continues, and it will produce any additional information by the August 15, 2024 discovery cutoff deadline.  ECF No. 1016.

U.S. OPP. TO MOT. FOR BILL OF PARTICULARS
21-CR-328 YGR                                          6

similar request, "defendants are not entitled to the exact dates on which they or alleged conspirators became members of the conspiracies. These details are generally not within the government's knowledge. To require this information, and potentially to limit the proof to that time, would hamper prosecutions unnecessarily." *United States v. Diaz*, No. CR 05-00167 WHA, 2006 WL 1833081 at *3 (N.D. Cal. June 30, 2006); *see also Cervantes I*, 2013 WL 3456876, at *4–5 (denying request for bill of particulars seeking "the date upon which the racketeering conspiracy is alleged to have commenced" and the date "when each defendant and each of the other 'associates, members, and leaders' and 'others' allegedly joined the racketeering conspiracy"). Such a request is especially unwarranted here where Soto will be tried alone, and the government has already provided the information in its possession about his tenure in NF.

Relatedly, Soto seeks "The location where the agreement that is the basis of the Conspiracy charged in Count 1 was reached." Request 1(c). But judges in this district have rejected requests for "the locations where [a defendant] and others conspired in counts one [narcotics conspiracy] and three [racketeering conspiracy]" because "[t]his information is far too specific to require. The indictment provides sufficient notice of location." *Diaz*, 2006 WL 1833081, at *4. Here, the indictment specifies the state prison at which each of the charged murder attempts and conspiracies occurred, and the government has produced housing histories showing where each of the defendants was located during the entirety of the conspiracy. No further specificity is required.

Soto's requests for the date, time, and location of *his* agreement to join the NF fail for the same reasons. Requests 1(b) & 1(d). Even though the government is not required to specify exactly when Soto joined the enterprise, it has already informed defense counsel, with citations to the relevant portions of the cooperator discovery, that it believes Soto was a CAT-I NF member from at least October 2016 through at least November 2017, and that he ran one of the yards at Salinas Valley State Prison during that time and conspired to commit robberies, drug trafficking, and firearms trafficking during that period. In other words, the government has already provided Soto the degree of detail that Judge Alsup ordered in *United States v. Etienne*, No. CR 17-00093 WHA, 2018 WL 1456658, at *2 (N.D. Cal. Mar. 23, 2018). *See* Mot. at 8. Importantly, Judge Alsup noted that his order was "without prejudice to the government later proving a different date based on evidence later acquired." 2018 WL

1456658, at *2; *see also United States v. Ranieri*, No. 17-CR-00533-EMC (LB), 2019 WL 3842092, at *2 (N.D. Cal. Aug. 15, 2019) (same). Here, no further specificity beyond the October 2016 start-date already identified by the government is required for Soto and his counsel to investigate the allegations and prepare his defense.[2] As permitted by *Etienne* and *Ranieri*, the government will provide any updated information it obtains on this topic over the eight months remaining before trial.

Next, Soto requests the "names of the persons present when the agreement that is the basis of the Conspiracy charged in Count 1 was made," and in particular, "the names of persons present when Juan Soto joined the agreement." Requests 1(e) & (f). But as this Court previously ruled in denying a bill of particulars motion in *Cervantes I*, "Specification . . . [of] where each agreement was formed, and who was present when each such agreement was reached" is not required. 2013 WL 3456876, at *5. As in that case, the indictment and discovery already produced to Soto "will prevent surprise at trial and allow the defendants to prepare an adequate defense." *Id.*

Soto also seeks "The form that the agreement that is the basis of the Conspiracy charged in Count 1 took," and in particular, "The form that Mr. Soto's agreement" took. Requests 1(g)( & (h). Again, this Court has previously denied a request for precisely that information in a similar RICO case, ruling that "Specification of the form the agreement took . . . falls within the purview of discovery and does not require specification in a bill of particulars." *Cervantes I*, 2013 WL 3456876, at *6. Soto does not explain why he is differently situated from the defendants in that case, who were facing the same charge for involvement in the same criminal enterprise. The same result should obtain here.

Soto next requests "Any statements or acts that demonstrate [his] membership, association, or affiliation with the charged enterprise named in Count 1." Request 1(i). Not only has the government already produced voluminous discovery, but it has specifically identified the cooperator discovery on which the government will rely to establish Soto's participation in NF and his criminal activity. On the same record, this Court previously denied an identical request from co-defendant Solorio. Dkt. 982 at 3.

---

[2] The specific date range included in the Indictment (April 2013 to September 2021) and the specific date range provided for Soto's involvement in NF distinguish this case from *United States v. Alvarez*, No. 14-CR-00120 EMC (NC), 2014 WL 7240670 (N.D. Cal. Dec. 19, 2014) (cited at Mot. at 8), in which the Indictment alleged three different conspiracies involving two different organizations and no specified starting point beyond "at least the early 1990s."

U.S. OPP. TO MOT. FOR BILL OF PARTICULARS
21-CR-328 YGR                                                               8

And this Court is not alone in rejecting such requests, with Judge Alsup denying a request for "the words or conduct" by which a defendant entered a conspiracy because "the [requested] information is too detailed, not within the typical knowledge of the government and might limit the government unfairly." *Diaz*, 2006 WL 1833081 at *4. The same logic applies here.

Soto also seeks "The names, and addresses, of all co-conspirators not named in the Indictment who are described as 'Others Known and Unknown.'" Request 1(j). Soto has not articulated how this information is necessary to prepare his defense. But even so, the Ninth Circuit has held that a request for the "names of any unknown conspirators" is not a proper purpose for a bill of particulars. *DiCesare*, 765 F.2d at 897; *see also United States v. Ellis*, 121 F. Supp. 3d 927, 940 (N.D. Cal. Aug. 17, 2015) (denying request for "the names of alleged members, shooters, leaders, employees and associates" as information the Ninth Circuit "has expressly held . . . is not required"). Regardless, the government has already identified for the defense more than 100 known or suspected NF members, compiled into one memorandum that was produced at NF_CDCR-0000001. For each suspected member, the document identifies their legal name, gang moniker, status or rank, and then-current custodial facility. *See Diaz*, 2006 WL 1833081, at *3–4 ("[I]t is not an abuse of discretion to deny requests to know the names of conspirators if the names of a sufficient number of conspirators have been revealed to sustain the charges."). On the same record, this Court denied an identical request from co-defendant Solorio, Dkt. 982 at 3-4, and it should do the same for Soto.

Finally, Soto requests information about his "alleged role in the Conspiracy charged in Count 1" and "any act or acts that [he] is alleged by the Government to have committed during the course of the Conspiracy charged in Count 1, together with a specific description of those persons present (if any) when he committed each such asserted act." Requests 1(k) & (l). As specified above, the government has already told the defense, with citations to supporting portions of the cooperator discovery, that it believes that Soto was a CAT-I NF member from at least October 2016 through at least November 2017, that he ran one of the yards at Salinas Valley State Prison during that time, and that he conspired to commit robberies, drug trafficking, and firearms trafficking during that time. The cooperator discovery names the cooperator who provided that information as well as several individuals with whom Soto is

alleged to have conspired to commit these offenses.[3]  No further specificity is required at this stage of the case for Soto and his counsel to investigate these allegations and prepare his defense.[4]

## V. CONCLUSION

For the foregoing reasons, Soto's motion for a bill of particulars should be denied.

DATED: March 1, 2024

Respectfully submitted,

MARTHA BOERSCH
Chief, Criminal Division

_____/s/_____
MARJA-LIISA OVERBECK
LEIF DAUTCH
ASEEM PADUKONE
Assistant United States Attorneys

---

[3] During the period when defendant Steven Trujillo's cellphone was tapped, he repeatedly discussed NF business with Soto, including Soto's supervision of certain Norteño street activities, the comings and goings of Norteños from the Salinas Valley prison yard, relations with the Sureños at the prison, and the status of certain Norteños or NF members, including who was "on freeze" and who had recently been "validated."  These communications have been turned over in discovery.

[4] Because the government has struck Special Sentencing Factor No. 1, it considers Soto's Requests 2(a) & (b) to be moot.