JOHN T. PHILIPSBORN, ESQ. - SBN 83944
Law Offices of JOHN T. PHILIPSBORN
507 Polk Street, Suite 350
San Francisco, CA 94102
(415) 771-3801
jphilipsbo@aol.com

Attorney for JUAN SOTO

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    vs.<br><br>DAVID CERVANTES, et al.,<br><br>        Defendants. | **Case No. 21-CR-00328-YGR**<br><br>**JUAN SOTO'S NOTICE OF OBJECTION TO THE COURT'S ORDER (Doc 1685) ON THE STIPULATION FOR RELEASE OF SEALED SOTO RELATED DOCUMENTS ENTERED WITHOUT NOTICE OR OPPORTUNITY FOR THE SOTO DEFENSE TO BE HEARD**<br><br>**Dept.:   The Honorable Yvonne Gonzalez-Rogers, District Judge** |

**TO:  THIS HONORABLE COURT, AND TO THE GOVERNMENT:**

JUAN SOTO, through his counsel, objects to the Court's Order (Doc 1685) granting a stipulation for Cervantes trial group lawyers to obtain documents filed under seal related to Juan Soto—which may include (since there was no notice to Soto counsel of exactly what documents are involved, this is speculation) declarations of persons including Juan Soto whose statements were specifically stated to be reserved for hearings to be conducted *in camera* and under seal. In issuing its November 18, 2024 ruling, the Court has denied Mr. Soto Due Process, and undermined the Court's Local Rules related to under seal filings.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.    STATEMENT OF THE OBJECTIONS AND INTRODUCTION.

Undersigned counsel for Juan Soto was contacted by email on November 12, 2024 by AUSA Leif Dautch while the undersigned was in the Eastern District of New York working on another matter.  Undersigned was notified that the Court had heard some post-Cervantes Trial Group motions and was inclined to provide the Cervantes Trial Group lawyers access to some of the pleadings and supporting exhibits filed <u>under seal</u> pursuant to the Court's Criminal Local Rules both by the Government and the Juan Soto defense. AUSA Dautch and undersigned Soto counsel discussed the issues by phone briefly, and Mr. Dautch asked the undersigned what his views were—and whether the undersigned would have objections to the disclosing of Soto documents. Mr. Dautch indicated that the Court appeared to be leaning in favor of releasing some documentsmbut had wanted Government counsel to try to reach the undersigned. The undersigned was provided no pleadings filed by the Cervantes trial group, or pleadings filed related to the Government's position on the matter. No list of pleadings or exhibits sought to be released was provided to, or discussed with undersigned counsel.

The undersigned was aware that the documents at issue could include some Government investigation reports. But those documents filed by Juan Soto were principally documents acquired during the Soto defense's investigation, and included materials prepared specifically for Soto-specific litigation before the Court. Undersigned Soto counsel made this point to Mr. Dautch and stated that the Soto defense would not agree to this process and would object to the release of its filings regardless of the proposed AEO designation of the released material.

Undersigned counsel was also aware that the Soto litigation was largely conducted by the Court *in camera* and under seal at the request of both the Soto defense and Government—with this Court's approval. The main reason for conducting the litigation out of the co-defendants' and public's sight and hearing was the combination of acknowledged risk of harm to Mr. Soto and to his family, as well as to preserve certain privileges that Mr. Soto had not yet waived (in regard to his declaration), and that neither

**JUAN SOTO'S NOTICE OF OBJECTION TO THE COURT' ORDER(Doc 1685)  ACCEPTING STIPULATIONSS AND ORDERS ENTERED WITHOUT NOTICE OR OPPORTUNITY FOR THE SOTO DEFENSE TO BE HEARD**

1  he nor his lawyer—nor counsel for the Government had waived either.

2       On November 12, 2024, undersigned stated to Mr. Dautch that he understood that

3  defense counsel for the Cervantes group needed to do what they could to defend their

4  clients. But the undersigned noted that Mr. Soto abruptly decided to terminate pretrial

5  litigation on a pending motion to dismiss and forgo a trial because Mr. Soto and his wife

6  had been publicly identified during the Cervantes et al trial as having communicated with

7  CDCR investigators. Mr. Soto was afraid for his family's safety as well as his own. Counsel

8  for the Government were aware of Mr. Soto's concerns. The undersigned explained that

9  the Soto defense would not agree to the release of any of the Juan Soto filings, or the

10  Governments filings in so far as they referenced information made available by the Soto

11  defense. The undersigned had in mind that at least one of the exhibits filed by the Soto

12  defense contained statements of concern from an individual about the publication of his

13  declaration *to anyone* other than the Court and counsel for the Government—individuals

14  that the declarant was told by undersigned counsel would respect the confidentiality of the

15  information.

16       AUSA Dautch and the undersigned discussed some of the reasoning for the

17  objections, which included both security concerns and assertions of certain privileges. The

18  undersigned was told that the matter would be further discussed with the Court on

19  November 14th.  When the undersigned heard nothing further from Mr. Dautch after

20  returning from New York, and while still engaged in other matter, undersigned Soto

21  counsel sent an e-mail to Mr. Dautch on November 16th, asking what happened at the

22  hearing. Undersigned Soto counsel was in a hotel room preparing for capital case

23  proceedings on November 18th, 2024, when he was notified by Mr. Dautch that the Court

24  was entertaining a stipulation covering most of the sealed documents filed in the Soto case.

25  The undersigned saw the stipulation and Order embodied in Document 1685 *the day both*

26  *were signed and filed* after the undersigned Soto counsel concluded proceedings in another

27  matter.

28       Undersigned Soto counsel did not know until November 18th that the scope of the
    agreement that the Government apparently reached with Cervantes trial group counsel with

the Court's blessing would authorize the release of 18 pleadings and exhibits related to 18 docket entries in the Soto case. The docket entries involved relate to sealed filings – filings that this Court *ordered* to be filed under seal for good cause under the provisions of the Court's Criminal Local Rules.

**The Juan Soto defense objects to the process and the resulting Order (Doc 1685) for the following reasons**:

1.   The following docket entries that were the subject of Rule-based Motions to Seal granted by this Court, are being released to defense counsel for the Cervantes group on an AEO basis—which does not limit communication between counsel and client about the content of the documents and materials. The docket entries in question, hereafter referred to as "the docket entries," are numbers: 306, 315, 319, 326, 340, 408, 456, 510, 754, 791, 909, 918, 1228, 1278, 1319, 1333, 1657, 1659. Some of the documents included in the docket entries at issue were declarations, one of which specifically indicated that the signatory had not yet decided whether he was prepared to testify in public to the matters covered in the declaration, and further indicates that the declarant was assured that his statements were remain under seal for the time being. Those statements are now in the hands of lawyers who, pursuant to their job descriptions, will communicate with their clients to the degree they feel is necessary to further the litigation of the case. At some point, it is likely that counsel will request leave to file some of the Soto documents that they have received pursuant to the stipulation. The Court's Order (Doc 1685) was entered without any apparent regard for the Due Process rights of Juan Soto in so far as his interest in maintaining documents under seal is concerned.

2.   The Soto defense did not receive notice from the Cervantes Trial Group or the Government, or the Court, of the specific litigation and discussion that led to the Court's November 18, 2024 Order. What 'notice' the undersigned counsel received was a November 12, 2024 e-mail (that the undersigned read between jail visits and other work in New York) that read that the Cervantes Trial Group "…has requested an Attorneys-Eyes-Only production of various sealed filings from Juan Soto's case…" with an offer of further discussion of the issue. Specifics were not available.

1    The issue was discussed by undersigned counsel by phone (from New York), with

2   AUSA Leif Dautch – a phone call during which the undersigned explained that he had

3   objections concerning disclosure of Mr. Soto's filings. Undersigned counsel followed that

4   with an e-mailed question to Mr. Dautch on November 16, 2024, asking what happened at

5   the hearing at which the issue of the 'various Soto filings' was to be discussed. That was

6   then followed by a copy of the November 18, 2024 Stipulation, sent while undersigned

7   Soto counsel was in court in San Joaquin County. The Order was filed the *same day* as the

8   stipulation was tendered to the undersigned. <u>These developments violate Mr. Soto's due

9   process rights; deprive Mr. Soto and his counsel of adequate notice of efforts to unseal

10  otherwise sealed pleadings; place undersigned counsel in the position of having

11  misinformed and misadvised Mr. Soto on the likelihood that the unsealing of documents

12  pertinent to Mr. Soto and his wife, and of statements the publication of which Mr. Soto had

13  clearly indicated he had not yet consented to.</u>;

14       3.    Finally, permitting parties in a criminal case to agree to circumvent sealing

15  orders sought by a former co-defendant given the existence of Rules that address sealing

16  related proceedings without the need for notice, personal presence, participation through

17  counsel, is likely to create a set of unintended consequences in other cases going forward.

18  The procedure that this Court has agreed to employ in this case can now, presumably, be

19  used as the basis for arguments that agreements can be reached to undermine the sealing

20  of document process by side stepping the need for the interested parties to be involved.

21

22  **II.    <u>DISCUSSION</u>.**

23       Regrettably, the argument that follows will not have benefitted from the kind of

24  preparation and research that this Court should expect from lawyers representing persons

25  in criminal cases in this District. Because undersigned counsel received information about

26  developments in this case on the fly, and is now responding to those developments also on

27  the fly, the following briefing is admittedly cursory. But it at least provides the Court and

28  parties of notice of the objection(s) and an opportunity to respond—more than the Soto

     defense was given on the issues presented .

The immediate history of proceedings in the above-captioned case, especially insofar as Juan Soto and his counsel are concerned, are both regrettable and, to the undersigned's knowledge, unprecedented.  The undersigned does not quibble with the need for a Court to accommodate significant post-conviction litigation in a case in which the persons convicted of significant crimes are facing onerous sentences.  Undersigned Soto counsel understands that the Cervantes Trial Group defenses are concerned about the integrity of the investigation, as well as whether the Government discharged its *Brady* obligations.  It appears that a number of the issues of concern to the Cervantes trial group are those that were addressed, generally, by the U.S. Supreme Court in *Kyles v. Whitley,* 514 U.S. 419, 428-434 (1995).

That said, it has been pointed out that the 'core of due process' is the right to notice and a meaningful opportunity to be heard.  *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 542 (1985).  The fact is that in *Brady* litigation, the existing case law contemplates that where there are competing interests, and legitimate concerns to be heard and addressed, a court usually hears the concerns of those involved before issuing an order—and the order here is *not* a discovery order. It is an order that approves of an agreement reached between what, from Mr. Soto's viewpoint, are third parties addressing his interests in maintaining under seal certain files and records that he filed under seal.

And even if this stipulation is dignified as being a variation on a discovery proceeding, it did not provide Mr. Soto any opportunity to be heard. In *Pennsylvania v. Ritchie*, 480 U.S. 39, 60-61 (1987), the Supreme Court commented that discovery proceedings involving potentially impeaching materials must take into consideration the rights of the accused(s) as well as the rights of other interested parties—in that instance, the victims.

On occasion, post-conviction motions to unseal documents are made because of what is characterized to be intense public interest in aspects of the proceedings.  Where the media professes an interest in court filings, courts have also discussed how competing interests should be addressed. But they have not decided that the individual whose otherwise confidential records are being sought has no place in the proceedings.  *See, for*

6

*example,* the discussion of the various interests and procedures to access a psychiatric report in *U.S. v. Kaczynski,* 154 F.3d, 930, 931-32 (9th Cir., 1998). The case just cited was known as the 'Unabomber Case.' And while some of his records were disclosed over his objection, Mr. Kaczynski got the opportunity to object to that release, and some of his files and records were not released.

When the accused seeks to have the Court order certain information that is part of the Government's investigation unsealed – for example, the identity of an informant and contents of his communications within the meaning of *Roviaro v. United States*, 353 U.S. 53 (1957), the process, if the Government refuses to voluntarily disclose the information, involves an orderly litigation characterized by notice and the opportunity to respond.

The Court's Rule (Criminal Local Rule) 56-1 discusses the filing of material under seal in criminal cases and the procedure for moving to seal that material.  The Rule also discusses, in subparagraph (e)(3), that: "Parties or non-parties may, at any time, file a motion requesting that the Court unseal sealed material."  The Rule does not exempt parties, or the Court, from following a conventional process of requiring service of a motion on the individual whose pleadings and materials are sought to be unsealed, and providing the opportunity to respond.

Undersigned counsel is aware of the irony of his being placed in the position of having to make these objections, particularly because the undersigned is representing an accused who has been identified as serving as a source. The undersigned chose years ago not to represent individuals who cooperate with the Government. The undersigned took on Mr. Soto's case based on what the FPD office characterized as a request from the Court given that so many other counsel had conflicts in the matter—as well as because Mr. Soto was described as a person who was not under a cooperation agreement, and was having trouble with his assigned counsel. The history of Mr. Soto's case has been instructive for the undersigned, because it is clear that he has been viewed as an expendable commodity by various stakeholders in the investigation and litigation of this case. Regardless of who or what Mr. Soto's past is, he is entitled to be treated fairly. It should be apparent to the Court and to the parties that while their focus may be on trying to clean up the debris from

**JUAN SOTO'S NOTICE OF OBJECTION TO THE COURT' ORDER(Doc 1685)  ACCEPTING STIPULATIONSS AND ORDERS ENTERED WITHOUT NOTICE OR OPPORTUNITY FOR THE SOTO DEFENSE TO BE HEARD**

a long trial that may have been characterized by less than optimal discovery practices, it makes no sense to agree to a process the undermines procedures that allows parties to seal documents, and that essentially ignores the interests an accused who was trying to defend himself against criminal charges until it became too risky, in his view, to continue that defense.

Undersigned defense counsel cautions that the defense lawyers for the Cervantes trial group might want to be a little careful about avoiding providing notice and the opportunity to be heard to a current or former co-defendant whose pleadings they wish to get unsealed in a case lest they find that their motions to seal pleadings may prove to be as fragile and illusory as Mr. Soto's may be deemed in this case. If the Court's Order is allowed to stand without further scrutiny, there are any number of ways that the process used here could be characterized and abused in other litigations going forward.

A cross-country singular email communication followed by a phone call and a copy of a stipulation filed just before the Court accepts the stipulation and orders a former defendant's sealed pleadings to be unsealed cannot be viewed as a process adequate to the full and fair resolution of the matters presented.  The fact that the proposed recipients of disclosures are counsel does not address the deficiencies in the procedures and process.

### III.    <u>CONCLUSION</u>.

For the reasons stated here, Juan Soto, and his lawyer, object to the dissemination of sealed information following a process that, from the Soto viewpoint, cannot be viewed as compliant with due process, or with a defensible procedure. While at this point, the harm may have been done to some extent, the Court should address the objections made here—and the Marshal should be instructed to inform CDCR that there has now been a dissemination of Juan and Elissa Soto information that may pose serious issues for both of them.

//

//

**JUAN SOTO'S NOTICE OF OBJECTION TO THE COURT' ORDER(Doc 1685)  ACCEPTING STIPULATIONSS AND ORDERS ENTERED WITHOUT NOTICE OR OPPORTUNITY FOR THE SOTO DEFENSE TO BE HEARD**

-DATED:  November 19, 2024                    Respectfully Submitted,

                                              JOHN T. PHILIPSBORN

                                              *//s// John T. Philipsborn*
                                              JOHN T. PHILIPSBORN
                                              *Attorney for Attorney for JUAN SOTO*

**JUAN SOTO'S NOTICE OF OBJECTION TO THE COURT' ORDER(Doc 1685)  ACCEPTING STIPULATIONSS AND ORDERS ENTERED WITHOUT NOTICE OR OPPORTUNITY FOR THE SOTO DEFENSE TO BE HEARD**