MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

RAVI T. NARAYAN (CABN 331858)
Deputy Chief, Criminal Division

MARJA-LIISA OVERBECK (CABN 261707)
LEIF DAUTCH (CABN 283975)
ASEEM PADUKONE (CABN 298812)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    mari.overbeck@usdoj.gov
    leif.dautch@usdoj.gov
    aseem.padukone@usdoj.gov

Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 21-CR-328 YGR |
| Plaintiff, | **GOVERNMENT'S RESPONSE TO JUAN SOTO'S NOTICE OF OBJECTION TO COURT'S ORDER (DOC. 1685) [ECF NO. 1692]** |
| v. | |
| DAVID CERVANTES, JAMES PEREZ, GUILLERMO SOLORIO, and GEORGE FRANCO, | |
| Defendants. | |

    On November 19, 2024, Juan Soto filed an objection to this Court's order authorizing the government to produce sealed filings from his case to the *Cervantes* trial group pursuant to the parties' Supplemental Attorneys'-Eyes-Only Protective Order. ECF No. 1692. While the government understands counsel's obligation to promote the interests of his client, the government files this response to clarify the record in three regards.

21-CR-328 YGR
RESPONSE TO SOTO OBJECTION              1

1	First, Soto asserts that "No list of pleadings or exhibits sought to be released was provided to, or discussed, with undersigned counsel." ECF No. 1692 at 2. Not so. As evidenced by the email thread in Exhibit A to this filing, after the *Cervantes* trial group emailed 9 discovery requests to the government on November 8, 2024, undersigned counsel contacted Soto's counsel, informed him of the defense's request for an Attorneys'-Eyes-Only production of sealed Soto filings and exhibits, and solicited his input in advance of the scheduled status hearing before this Court. Ex. A at 2. In a subsequent email to Soto's counsel the same day, and before the phone call referenced below, undersigned counsel specifically identified the 18 sealed filings—by both docket number and title of filing—that it believed could be responsive to the defense's requests. Ex. A at 1. These are precisely the same filings that the government identified at the November 14, 2024 hearing for the defense and the Court and which were included in the parties' stipulation and proposed order. Thus, Soto's counsel's claim that he was provided no advance notice of the filings at issue is not supported by the record.

Second, following this exchange of emails on November 12, 2024, Soto's counsel and undersigned counsel had a 14-minute phone call the same day. Soto's counsel explained, as he does in his objection, that he was in New York on another matter and would likely not be able to attend the November 14, 2024 status hearing. Soto's counsel expressed both general concerns about his client's safety, as well as specific concerns about exhibits attached to the filings at issue (such as declarations from Juan Soto and a relative) that were prepared as part of the defense investigation, and thus arguably were work product. Given that Soto's counsel would likely be unable to attend the November 14, 2024 hearing, undersigned counsel offered to convey Soto's counsel's concerns to the Court, even repeating his understanding of those concerns at the end of the call and confirming that they accurately summarized Soto's position. Soto's counsel stated that it was an accurate summary. Those are the very same concerns that undersigned counsel summarized for the Court at the November 14, 2024 hearing: the general safety and privacy concerns that have animated Soto's attempts to shield his identity throughout these proceedings, and the specific concerns about defense-created exhibits like declarations that could constitute work product. Counsel for the Cervantes trial group responded to those expressed concerns, arguing that the sealed filings were relevant to their post-trial motions, and that any work product privilege was waived when the exhibits were filed with the Court. The Court then balanced the

1  trial group's interest in the sealed filings against Soto's safety interests and determined that an
2  Attorneys' Eyes Only production of the filings and exhibits appropriately balanced those competing
3  interests.  When Soto's counsel asked for an update from the hearing, undersigned counsel responded,
4  explaining the Court's consideration of the arguments made and attaching a copy of the draft stipulation,
5  which had been sent to defense counsel but which was not filed until later that day.  Ex. B at 1.

6       Finally, Soto asserts that the sealed filings "are being released to defense counsel for the
7  Cervantes group on an AEO basis—which does not limit communication between counsel and client
8  about the content of the documents and materials."  ECF No. 1692 at 4.  Not so.  Per the Court's
9  November 18, 2024 order, the sealed filings are being produced to defense counsel subject to the parties'
10 Supplemental Attorneys'-Eyes-Only Protective Order, which states in two places that defense counsel
11 may not share the documents or their contents/substance with their clients.  First, the protective order
12 states that covered materials "will be produced only to defense counsel (*not to the defendants*)."  ECF
13 No. 966 at 2, emphasis added.  Second, the protective order also provides that "No other person shall be
14 allowed to examine the ATTORNEYS-EYES-ONLY MATERIALS, and *the contents/substance of the*
15 *ATTORNEYS-EYES-ONLY MATERIALS shall not be shared with anyone without further order of the*
16 *Court*."  *Id.* at 4, emphasis added.  Thus, defense counsel are prohibited from showing the sealed filings
17 to their clients or sharing the contents or substance of the filings with their clients.[1]

18      In sum, the government has taken seriously the safety concerns expressed by the Soto team
19 through these proceedings and through the present day.  It has consistently attempted, in good faith, to
20 respect those concerns while also complying with all applicable discovery obligations.  At this stage of
21 the proceedings, the government's analysis is informed by the fact that much of the information the Soto
22 team has sought to shield from public view was the subject of the defense's trial presentation, with
23 multiple witnesses discussing it in open court.  Thus, at this stage, the government believes that the
24 Court struck the appropriate balance by authorizing the government to produce AEO the sealed filings
25 that the trial group has claimed could be relevant to their post-trial motions.

---

[1] Nor have the Soto filings been "unsealed."  ECF No. 1692 at 8.  They remain under seal on the docket and are not available to public.  They have simply been produced AEO to the Cervantes trial group.

21-CR-328 YGR
RESPONSE TO SOTO OBJECTION                            3

1  DATED: November 20, 2024            Respectfully submitted,

                                       MARTHA BOERSCH
                                       Chief, Criminal Division

                                       _____/s/_____
                                       LEIF DAUTCH
                                       Assistant United States Attorney